In the Matter of the Application of WILLIAM C. DUELL,
Appellant, for a Writ of Mandamus against MARTIN H.
GLYNN, as Comptroller of the State of New York,
Respondent.

1. OFFICERS — APPOINTMENT OF TRANSFER TAX ASSISTANTS. Under
the provisions of section 234 of the Tax Law (L. 1905, ch. 368), the state
comptroller has no right to appoint a transfer tax assistant for the
county of Westchester without the recommendation and joint action of
the surrogate thereof. Such recommendation, however, is not mandatory
or compulsory on the comptroller. If he sees fit to accept the recommen-
dation of the surrogate and make the appointment, then both officials have
jointly co-operated in making the appointment as provided by the stat-
ute. If, on the other hand, the recommendation is not satisfactory, he is
not compelled to accept it and make the appointment, and the position
remains vacant. Thus the comptroller is invested with power in and
over the appointment which will secure services satisfactory to his
office.

2. SAME — MANDAMUS — WHEN IT WILL NOT BE GRANTED TO COM-
PEL STATE COMPTROLLER TO ACT ON RECOMMENDATION OF SURROGATE
IN APPOINTMENT OF TRANSFER TAX ASSISTANT. Where, upon an appli-
cation for a peremptory writ of mandamus to compel the state comptroller
to appoint the petitioner to the position of transfer tax assistant in the office
of the surrogate of Westchester county, it appears that theretofore the
comptroller, without action or recommendation by the surrogate, had made
an appointment to such office from an eligible list furnished by the state
civil service commission and that thereafter such surrogate had recom-
mended to the comptroller the appointment of the petitioner, who stood
lower on such list, which he declined to make, the denial of the appli-
cation is proper; while the comptroller's appointment was illegal and
unauthorized, the petitioner cannot compel the comptroller to act on the
recommendation of the surrogate and appoint him.

*Matter of Duell* v. *Glynn,* 122 App. Div. 314, affirmed.

(Argued February 18, 1908; decided March 10, 1908.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
November 21, 1907, which affirmed an order of Special Term
denying a motion for a peremptory writ of mandamus to
compel the defendant to revoke his appointment of a transfer

tax assistant in the Westchester County Surrogate's Court and to appoint the petitioner to such position.

The facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant.    The interpretation of section 234 of the Tax Law adopted by the Special Term should not be sustained.  (*People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32.)    The interpretation contended for by the comptroller would lead to an unreasonable result.  (*Topham* v. *I. S. R. Co.,* 96 App. Div. 323 ; *McCuskie* v. *Hendrickson,* 128 N. Y. 555.)    The word "may" as used in the statute now under consideration should be construed as mandatory. (*Matter of Kelsey,* 112 App. Div. 408; *People ex rel. Reynolds* v. *Common Council,* 140 N. Y. 300.)

*William S. Jackson, Attorney-General ( William J. Roche* of counsel), for respondent.    The comptroller has the right to appoint a qualified person as transfer tax assistant other than one recommended to him by the surrogate.  (L. 1895, ch. 861 ; L. 1905, ch. 368.)    If the power of the surrogate relates to anything more than recommending that such a place be created and filled, then his function, by the very term, is simply one to recommend to the comptroller that a person named by him be appointed, but this power of recommendation goes no further ; it is not binding upon the comptroller and he has the right to disregard it and himself select a person.  (*People ex rel. City of New York* v. *Woodruff,* 166 N. Y. 453 ; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32 ; *People ex rel. Kresser* v. *Fitzsimmons,* 68 N. Y. 514.)

*Henry C. Henderson* for John D. Sullivan, intervening, respondent.

HISCOCK, J.    By the statute hereafter to be quoted there was created the position of transfer tax assistant in the office of the surrogate of Westchester county.    This position having become vacant an examination was held in accordance

with the civil service rules of those desiring to be appointed to such position and this examination resulted in the submission of an eligible list whereon one Sullivan stood first and the appellant further down.

Thereafter without action or recommendation by the surrogate of said county the comptroller of the state appointed said Sullivan to said vacancy. Thereafter the surrogate recommended to said comptroller the appointment of the appellant, which he declined to make. And the questions are now presented whether the appointment of Sullivan without the recommendation of the surrogate was valid, and whether the recommendation by the surrogate of the appointment of the appellant is not only controlling on the comptroller in any appointment which he may make, but compels action and such appointment by him.

Prior to 1905 various statutes had been passed providing for the appointment of transfer tax appraisers in various counties and for the appointment of transfer tax assistants in the respective offices of the surrogates of various counties. In 1905 the legislature attempted to substitute for various special statutes upon these subjects a general statute and system by the enactment of chapter 368 of the laws of that year, and the provisions of this statute now constitute article 10 of the Tax Law containing various sections which govern and solve the questions now presented to us.

Section 229 provides: "The state comptroller shall appoint and may at pleasure remove " various tax appraisers, including one in the county of Westchester.

Section 234 provides: "The state comptroller may, upon the recommendation of the surrogate, appoint, and may at pleasure remove, assistants and clerks in the surrogate's offices of the following counties * * * : 4. In Westchester county, a transfer tax assistant, two thousand dollars."

We think that section 234 interpreted, not only in the light of its own provisions, but also in the light of the provisions found in section 229, makes it plain that the comptroller has no right to appoint a transfer tax assistant without the recom-

mendation and joint action of the surrogate. The appraiser is not located in or closely connected with the administration of the surrogate's office, and naturally and properly by section 229 the comptroller is invested with the absolute power of appointing and removing such official. The transfer tax assistant, however, is connected with the administration of the surrogate's office and it is natural and proper that the surrogate should have some choice in his selection and, therefore, we find a provision that the comptroller may appoint him "upon the recommendation of the surrogate." After he has been appointed the comptroller "may at pleasure remove him," if for any reason it becomes proper. Thus we have a statute plainly providing for the joint action of both officials in the selection and control of this clerk who is to discharge his duties in connection with both offices. A voice in the selection of the candidate is secured to the surrogate by the provision for his recommendation. This, however, is not in our opinion, mandatory or compulsory on the comptroller. If he sees fit to accept the recommendation of the surrogate and make the appointment, then both officials have co-operated in making the appointment. If, on the other hand, the recommendation is not satisfactory he is not compelled to accept it and make the appointment and the position remains vacant. Thus the comptroller is invested with power in and over the appointment which will secure services satisfactory to his office.

These views lead to the conclusion that the comptroller's appointment of Sullivan was illegal and unauthorized and they also lead to the conclusion that the appellant cannot compel the comptroller to act on the recommendation of the surrogate and appoint him, and that, therefore, the order denying his application must be affirmed, without costs of this appeal.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Order affirmed.